IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONIER R. KENNEDY,**

    **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　**Civil Action No. 3:15cv35**
　　　　　　　　　　　　　　　　　　　　　　　**(GROH)**

**LEONARD ODDO, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On March 25, 2015, the *pro se* Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 or under 28 U.S.C. § 1651 for *audita querela.* ECF No. 1 and 1-1 at 1. Along with his petition, he filed a motion to proceed as a pauper; a copy of his Prisoner Trust Fund Account Report ("PTAR") without its attached Ledger Sheets; and a motion for leave to file excess pages. ECF No. 4. Pursuant to a March 30, 2015 Notice of Deficient Pleading filed by the Clerk of Court, on April 6, 2015, petitioner paid the $5.00 filing fee. On April 17, 2015, petitioner re-filed a copy of his PTAR with its Ledger Sheets. By separate Orders entered April 29, 2015, petitioner's motion for leave to file excess pages was granted [ECF No. 11] and his motion to proceed as a pauper was denied as moot. ECF No. 12.

Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction in the United States District Court for the Eastern District of Pennsylvania. ECF No. 1 at 1 – 2. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

## II. Facts[1]

On May 20, 2009, Petitioner and twenty co-defendants were charged in a sixty-count Superseding Indictment with notices of forfeitures.[2] ECF No. 34. Petitioner was charged in Count One of that superseding indictment. On July 15, 2009, a sixty-four-count Second Superseding Indictment with notices of forfeitures was issued against Petitioner and his co-defendants, again charging Petitioner in Count One with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846.

Trial was scheduled for late February, 2011. On February 2, 2011, pursuant to a written plea agreement, Petitioner pled guilty to Count One of the Second Superseding Indictment, conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. ECF No. 561. Pursuant to that agreement, Petitioner waived all rights to appeal conferred by 18 U.S.C. § 3742, including his right to challenge his conviction and any sentence imposed. ECF No. 562. He also waived his right to collaterally contest his guilty plea or sentence under 28 U.S.C. § 2255.[3]

On May 17, 2011, Petitioner was sentenced to 180 months imprisonment to be followed by a five year term of supervised release and was fined $2,000.00. ECF No. 735.

On January 4, 2012, Petitioner filed a § 2255 Motion to Vacate alleging that

---

[1] All ECF references in this section refer to case no. 2:07-cr-00038-MMB-6, Eastern District of Pennsylvania.

[2] Petitioner's criminal docket begins on May 20, 2009 with the superseding indictment. Apparently, however, the case actually began in 2007. See ECF No. 698 at 1.

[3] Although the plea agreement is sealed on the docket, in the January 23, 2012 Order denying his § 2255 motion, a motion for appointed counsel, a motion for records and transcripts, and a motion for discovery, ¶ 8 of the Plea Agreement is reproduced. It states:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 C.S.C. § 1291, U.S.C. § 2255, or any other provision of law. See ECF 932 at 1.

1) counsel was ineffective for

   a) not filing a notice of appeal on his behalf;
   b) failing to object to certain judicial rulings related to evidentiary and testimony;
   c) failing to explain the consequences of entering a plea and how the waiver affected his constitutional rights;
   d) for coercing him into accepting a plea agreement in violation of his 6th Amendment rights;
   e) for denying his right to testify at trial;
   f) cumulative error of counsel's ineffectiveness;
   g) failure to move for a downward departure or reduction in sentence;
   h) failure to preserve conflict of interest issues; and
   i) failure to retain expert witnesses as requested.

2) that the court erred in failing to dismiss the indictment because petitioner had committed no "overt act" in furtherance of a conspiracy; and

3) actual innocence. ECF No. 927.

On January 23, 2012, in a combined Order, Petitioner's Motion to Vacate was denied because he had waived the right to collaterally attack his conviction and sentence. Within that Order, a certificate of appealability was also denied. ECF No. 932. Thereafter, on September 18, 2012, Petitioner filed a motion seeking clarification of the combined Order in which his § 2255 motion, and for a status update on a supplemental § 2255 motion that petitioner had purportedly filed in December, 2011, and a notice of appeal that he had purportedly filed in March, 2012. ECF No. 952. By Order entered September 20, 2012, the motion was denied as an unauthorized second or successive § 2255 petition. ECF No. 953. Petitioner appealed. By Order issued on March 7, 2013, the Third Circuit Court of Appeals denied the motion and a certificate of appealability, but found that petitioner's motion for clarification really only sought a status update from the District Court regarding a supplemental § 2255 motion that petitioner purportedly filed in December 2011 and a notice of appeal that he purportedly filed in March 2012, pleadings that were not reflected on the docket as having ever been received by the District Court. Accordingly, the Third Circuit concluded that petitioner's motion was not properly

construed as a second or successive motion pursuant to 28 U.S.C. § 2255. Despite that, the Third Circuit held that the District Court did not err in denying relief. It reasoned that because the motion could not have been construed as a notice of appeal or a motion under Rule 4(a)(5) or (a)(6) of the Federal Rules of Appellate Procedure because it would be untimely; petitioner did not qualify for an extension or reopening of the time to file an appeal; and the District Court could not have granted relief under Fed.R.Civ.Pro. 60(b)(6) insofar as petitioner might have sought to reopen his time to appeal from the January 23, 2012 final judgment on his § 2255 motion.

### III. Claims of the Petition

In support of his section 2241 petition before this Court, Petitioner raises one ground for relief:

1) the government usurped its function under the Tenth Amendment and reached beyond its authority in convicting him, a legally innocent defendant, because the state of Pennsylvania maintains criminal statutes that cover his conduct. Bond v. United States, 564 U.S. 211 (2011) ("Bond I") and Bond v. United States, 134 S.Ct. 2077 (2014) ("Bond II").
ECF No. 1-1 at 5 and 8.

For relief, Petitioner requests that this Court find him innocent; expunge his conviction; and order his immediate release. ECF No. 1 at 8. Further, he requests that this Court find that the government overstepped its authority; vacate his conviction or transfer his petition to the sentencing court for relief. ECF No. 1-1 at 11.

### IV. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and

4

recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

### V. Analysis

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007)(internal citations omitted).

While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255. The savings clause allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under section 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the section 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one. Id. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.

The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;

b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255

the conduct of which the prisoner was convicted is deemed not to be criminal, **and**

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

The Petitioner maintains that section 2255 is inadequate or ineffective to the test the legality of his detention because an intervening change in law occurred after he filed his first § 2255 motion. ECF No. 1 at 9. As previously noted, the Petitioner relies on Bond I and Bond II. However, Bond I was overruled by Bond II, and Bond II is clearly distinguishable from the Petitioner's case, and fails to demonstrate that Petitioner meets the stringent requirements of In re Jones.

In Bond II, the Supreme Court held that the "purely local crime" of attempting to injure a person by placing a toxic chemical on her car, mailbox, and door knob, should not be subject to prosecution under the federal law which was enacted to implement an international treaty (the international Convention on Chemical Weapons, ratified by the United States in 1997). Bond II, 134 S.Ct. at 2083. The majority concluded that Congress did not intend to intrude into traditional state authority over such matters as a simple assault, when it passed legislation to prevent chemical warfare pursuant to the treaty. Bond II, 134 S.Ct. at 2093-94.

Regardless of whether this Court accepts Petitioner's argument that former precedent prevented him from raising a Tenth Amendment challenge to his conviction, his claim fails on the merits. The statute under which he was convicted was enacted pursuant to Congress' authority to regulate interstate commerce, a power specifically delegated to it in the Constitution. See U.S. Const. Art 1, § 8. Accordingly, the statute under which he was charged does not exceed

Congress' legislative authority and does not violate the Tenth Amendment in general or as applied to Petitioner.

Further, Petitioner's claim that he is "legally innocent" of the conspiracy to distribute cocaine and cocaine base charge in the indictment is unavailing. ECF No. 1 at 5. "Legal innocence" is not the same as "actual innocence." Petitioner does not contend that he is **actually** innocent of the charge to which he pled. "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995). Here, petitioner does not claim that he did not commit the charged acts. Instead, he admits pleading guilty, but states that "that is of no moment, where once he became aware of the fact that his cohorts [who went to trial] had been found not guilty [of the same charge he pled to], he immediately moved to withdraw that plea." ECF No. 1-1 at 11.

Nonetheless, in order to raise a claim of actual innocence under § 2241, Petitioner would first be required to establish that he is entitled to review under § 2241 by meeting the Jones requirements, which he is unable to do.[5] In the instant case, even if Petitioner satisfied the first and third elements of Jones, the crime for which Petitioner was convicted remains a criminal offense. Therefore, Petitioner has not satisfied the Jones criteria by establishing that § 2255 is

---

[5] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255). A freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

inadequate or ineffective to test the legality of his detention and has improperly filed a § 2241 petition.

## VI. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and **DISMISSED with prejudice**.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 13, 2016

/s/   James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE